IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 08, 2015

## MARTIN N. LEWIS, ET AL. v. MICHAEL D. WILLIAMS, ET AL.

**Appeal from the Chancery Court for Henry County**
**No. 22255     Carma Dennis McGee, Chancellor**

_____

**No. W2015-00150-COA-R3-CV – Filed August 6, 2015**
_____

This appeal results from the trial court's entry of a default judgment. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Jeff Mueller, Jackson, Tennessee, for the appellants, Michael D. Williams, Brenda K. Williams, and Bryan L. Williams.

William R. Neese, Paris, Tennessee, for the appellees, Martin N. Lewis, and Randall L. Bowden.

### OPINION

### Facts[1]

On November 5, 2007, Defendants/Appellants Michael D. Williams and Brenda K. Williams (the "Williamses") purchased via warranty deed a tract of land (the "Property") in Henry County, Tennessee. The Williamses obtained a loan to purchase the property from First Bank in Paris, Tennessee and executed a "Multipurpose Note and Security Agreement"

---

[1] The record on appeal does not include a transcript or statement of the evidence. Thus, the facts are elicited from the trial court's orders, the parties' pleadings, and other filings made in the trial court.

(the "Note") in the amount of $85,000.00. The Note was secured by a Deed of Trust on the Property and a security interest in the Williamses' equipment, then owned or after acquired. The Note also listed two Personal Guaranties executed by Plaintiffs/Appellees Martin N. Lewis and Randall L. Bowden (together, "Appellees"). Sometime in October 2012, the Williamses defaulted on the Note to First Bank. First Bank demanded payment, gave notice of its demand, and accelerated the balance of the Note. The Williamses still did not satisfy the Note.

Pursuant to the Note's terms, Appellees (as personal guarantors) were obligated to purchase the Note, and they did so. With the Note, they were also assigned the Deed of Trust for the Property. When the Williamses failed to pay the Note, Appellees began foreclosure on the Property. While foreclosure proceedings were pending, the Williamses purportedly sold the Property to their son Bryan Williams (together with the Williamses, "Appellants") via quitclaim deed. While Appellees assert that this was a fraudulent transfer with no consideration made in an attempt to defraud creditors, Appellants characterized the transaction differently:

> Thanks to our youngest son Bryan Louis Williams in February of 2012 was [sic] able to purchase our property. In doing this my wife, Brenda, and myself are still allowed to reside on the property. If this transaction hadn't transferred [sic] we would have been forced to live with family members during our own personal hardship.

Regardless of the transfer, the foreclosure proceedings continued, and the Property was eventually sold at auction. According to Appellees, the Property sold for less than the amount owed by Appellants, creating a deficiency.

On January 22, 2013, Appellees filed suit against the Appellants seeking to recover a deficiency judgment and to set aside the allegedly fraudulent transfer of the Property to Bryan Williams. Appellants, acting *pro se*, filed an answer on February 19, 2013, alleging that the land was contaminated and had been tested by environmentalists. Further, Appellants asserted that more chemical testing needed to be done.

Several months later, on May 22, 2013, Appellees moved to amend their complaint, which the trial court allowed.[2] Appellees subsequently filed their Amended and Restated Complaint ("Amended Complaint") on June 3, 2013. Appellants did not respond to the

---

[2] As of the date of their motion to amend the complaint, Appellees had not yet achieved service on Bryan Williams. The parties do not dispute, however, that he was later served with the Amended Complaint.

2

Amended Complaint within the required time period.[3] Appellees filed a motion for a default judgment against the Williamses and a separate motion for default judgment against their son Bryan on July 30, 2014,[4] citing Appellants' failure to respond. The record does not include a Notice of Hearing for these motions.

On September 4, 2014, the trial court entered its Order on the Motions for Default Judgment. The trial court's order indicates that Plaintiffs' counsel and Appellants,[5] appearing *pro se*, were present for the hearing on the motions. Rather than granting or denying the motions for default judgment, the trial court set the case for trial on November 6, 2014 and reserved all other pending matters.

On October 17, 2014, Appellants, now acting through counsel, filed a Motion to Continue the Trial Date. According to their motion, Bryan Williams would be unable to attend trial because of a training program he was required to attend as part of his employment with a railroad. Further, Appellants' counsel requested a continuance because he wanted additional time to investigate defenses and develop evidence. Appellants issued a notice of hearing for their motion to be heard on October 29, 2014.

Although no transcript or statement of the evidence exists, the parties do not dispute that the trial court held a hearing as noticed by Appellants on October 29, 2014 and that Appellants were present at the hearing. Eventually, on January 5, 2015, the trial court entered *nunc pro tunc* an order memorializing the ruling it made at the hearing:

> [T]he Court instructed Counsel for [Appellants] to prepare an order incorporating its ruling [from the October 29, 2014 hearing] which order was not prepared by Counsel for [Appellants].[6]

. . .

---

[3] Although no answer was filed at this time, the record does include a letter from the Williamses to Appellees' counsel. In the letter, they asked for permission to enter the Property to have it tested for hazardous materials. They also asserted that, if such materials were found, they would bring suit against the sellers of the Property, First Bank, and the First Bank representative who ordered a contractor to collect the equipment as collateral. It is not clear what occurred as a result of this letter.

[4] There is no explanation in the record for the year-long delay of Appellees before filing their motions for default judgment.

[5] The record indicates that at least one of the Appellants attended this hearing. It is unclear whether all three were present.

[6] Because Appellants did not prepare the order as directed by the trial court, Appellees eventually prepared the order entered January 5, 2015.

3

1. [Appellants] shall file and serve an answer in this cause within ten (10) days of October 29, 2014.

2. [Appellants] shall serve responses to [Appellee]'s pending discovery requests in this cause within thirty (30) days of October 29, 2014.

By November 12, 2014, Appellants still had not filed an answer to the Appellees' Amended Complaint, nor had the Appellants responded to discovery. Accordingly, Appellees filed a renewed motion for default judgment, claiming that Appellants had willfully disregarded the trial court's ruling of October 29, 2014 directing them to file an answer within ten days. A separate notice of hearing scheduled the motion for hearing on December 15, 2014. The certificates of service on both the renewed motion for default judgment and the notice scheduling the renewed motion for hearing states that both documents were mailed to Appellants' counsel on November 12, 2014. The notices indicate that they were mailed via United States Mail to the law office of Appellants' counsel.[7] Finally, several weeks after Appellees renewed the motion for default judgment, on November 24, 2014, Appellants filed an answer to the Amended Complaint.

On December 12, 2014, Appellants filed their second motion to continue, this time requesting a continuance of the December 15, 2014 hearing on Appellees' motion for default judgment. Counsel for Appellants averred that Appellees "did not serve the motion on [Appellants' counsel] and did not contact [Appellants' counsel] regarding the setting of the motion." According to Appellants, "[Appellants' counsel] returned to his office late on December 11, 2012 [sic] and found a facsimile sent on December 10, 2014 from [Appellees' counsel] regarding the motion." This facsimile prompted counsel for Appellants to check with the Henry County Chancery Court clerk's office on December 12, 2014 where he received a copy of the motion. In addition, Appellants stated that their counsel could not attend the December 15, 2014 hearing due to previous commitments in federal district court and general sessions court. Although there is a certificate of service attached to the motion to continue, the record does not indicate that Appellants ever set the motion for hearing. Further, Appellants did not support their motion to continue with an affidavit attesting to the facts contained therein.

On December 15, 2014, the trial court held a hearing as noticed and took proof on Appellees' renewed motion for default judgment. It is unclear whether Appellants or their counsel were present for this hearing. By written order dated January 5, 2015, the trial court granted Appellees' renewed motion for default judgment for Appellants' failure to timely respond within ten days to the Amended Complaint as directed by the trial court on October

---

[7] The record does not include any indication that the mail was returned as unclaimed or undeliverable.

4

29, 2014. Additionally, the trial court granted Appellees their requested relief of a deficiency judgment of $24,856.29 and voided the fraudulent transfer of the Property to Bryan Williams.

Appellants timely appealed.

## Issues

Appellants raise only one issue on appeal, which we restate slightly:

> 1. Whether the trial court erred in entering the default judgment?

Appellees raise two additional issues on appeal, which we restate slightly:

> 1. Whether Appellants' brief complies with the requirements of the Tennessee Rules of Appellate Procedure to the extent necessary to facilitate appellate review?

> 2. Whether the Appellees are entitled to frivolous appeal damages?

## Analysis

### Briefing Requirements

As an initial matter, we must discuss several concerns with Appellants' brief. Unfortunately, our review of the issue raised by Appellants is hampered in this case because their brief, even on the one issue properly raised in the Statement of the Issues, is deficient. We begin with the most glaring deficiency. Rule 27 of the Tennessee Rules of Appellate Procedure specifically directs appellants to include "appropriate references to the record relied on" in their appellate brief. Appellants' brief is devoid of references to the technical record in this case. Moreover, their brief includes facts that either do not appear in the record or contradict the record. Most blatantly, as discussed in detail *infra*, Appellants insist that the trial court ordered them to file an answer to the amended complaint within thirty days, rather than ten days, but no such indication appears in the record or in the trial court's January 5, 2015 *nunc pro tunc* order. Rather than pointing to specific references in the record, Appellants reason that their "recollection of events is consistent with the Tennessee Rules of [Civil] Procedure," and "[i]t would be unusual for a trial court to order a quick, 10 day, response for a matter that was unscheduled."[8] It is "not the function of this Court to verify

---

[8] The matter set for hearing in the trial court on October 29, 2014 was Appellants' motion to continue the November 6, 2014 trial date. Appellants argue that, at this hearing, Appellees had improperly taken up their renewed motion for default judgment. Appellants' statement that it would be "unusual for a trial court to order a quick, ten day, response" to an unscheduled matter assumes that the trial court's decision was in response to

5

unsupported allegations in a party's brief." ***Bean v. Bean***, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000). Additionally, to the extent that these allegations are "mere statements of counsel," they shall not be considered by this Court. ***State v. Thompson***, 832 S.W.2d 577, 579 (Tenn. Crim. App. 1991) (holding that mere statements of counsel cannot establish what occurred in the trial court unless supported by evidence in the record). Appellants' brief is in contravention of Rule 27 for the failure to make appropriate references to the record.

Despite the fact that Appellants' brief is deficient, there are times when this Court, in the discretion afforded it under Tennessee Rule of Appellate Procedure 2, may waive the briefing requirement to adjudicate the issues on their merits.[9] However, in order for this Court to properly review the trial court's actions, the record must be in a proper posture to provide us a meaningful review. This Court's review is limited to the appellate record, and it is incumbent upon the appellant to provide a record that is adequate. ***Jennings v. Sewell-Allen Piggly Wiggly***, 173 S.W.3d 710 (Tenn. 2005).

Here, in addition to the shortcomings of their appellate brief, Appellants have also failed to provide this Court with an accurate record, as the record on appeal lacks a transcript or a statement of the evidence presented at the hearing on October 29, 2014. Under Rule 24 of the Tennessee Rules of Appellate Procedure, the appellant has the duty to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues that form the basis of the appeal. The appellant's duty includes the

---

Appellees' motion for default judgment and not their own motion to continue.

We respectfully disagree that the trial court improperly required Appellants to answer the amended complaint in response to their request to further delay the proceedings. To this end, we note that a plethora of authority demonstrates that Tennessee trial courts have inherit and broad authority to control their dockets. ***Bell v. Todd***, 206 S.W.3d 86 (Tenn. Ct. App. 2005); ***Hessmer v. Hessmer***, 138 S.W.3d 901 (Tenn. Ct. App. 2003); ***State v. King***, 40 S.W.3d 442 (Tenn. 2001); ***Hodges v. Attorney Gen.***, 43 S.W.3d 918 (Tenn. Ct. App. 2000). Thus, the trial court had the authority to grant a ten-day response time for Appellants to file an answer as a docket-management mechanism, especially in light of the fact that, as of October 29, 2014 Appellants had still not answered the Amended Complaint filed June 3, 2013. Accordingly, we do not conclude that the purported oddity of this order is sufficient evidence either: (1) that that the trial court likely did not rule in this fashion in October 2014, given the unambiguous language of the January 5, 2015 order; or (2) that the trial court erred in requiring Appellants to answer the amended complaint in an abbreviated time period, given that, as of the October 2014 hearing, Appellant's answer was approximately seventeen months late.

[9] Tennessee Rule of Appellate Procedure 2 provides, in relevant part, that:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion . . . ."

burden of providing to this Court a transcript or statement of the evidence from which we can determine whether the trial court erred. ***Coakley v. Daniels***, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). In the absence of a transcript or statement of the evidence, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct. ***J.C. Bradford & Co. v. Martin Constr. Co.*** ̧ 576 S.W.2d 586, 587 (Tenn. 1979).

In this case, Appellants did not file a transcript or a statement of the evidence in this Court of the October 29, 2014 hearing in the trial court.[10] Still, Appellants insist that the trial court actually gave them thirty days from the October 29, 2014 hearing to file an answer and that the *nunc pro tunc* order of January 5, 2014 is not an accurate reflection of this ruling. While their brief recites factual allegations of their "recollection" of the trial court's ruling, a recitation of facts in an appellate brief does not constitute evidence and cannot be considered by the appellate court unless they are properly made a part of the record. ***Reid***, 388 S.W.3d at 295. In this case, without a transcript or a statement of the evidence, we have no means of evaluating the propriety of Appellants' argument other than by reviewing what was included in the record on appeal—the trial court's orders.

However, despite the lack of a transcript or statement of the evidence, Appellants insist that this Court may consider facts outside the record. To this end, they attach the affidavit of Mr. Jeff Mueller, counsel for Appellants. Mr. Mueller's affidavit provides that he believed the trial court's oral ruling of October 29, 2014 allowed Appellants thirty days, not ten days, to file an answer to the Amended Complaint. To support their argument that we may consider Mr. Mueller's affidavit, Appellants cite ***Reinhart v. GEICO Ins.***, M2009-01989-COA-R3-CV, 2010 WL 3852048 (Tenn. Ct. App. Mar. 9, 2011) and argue that this "Court can receive statements attached to a brief if those statements illuminate the determinative issue on appeal." We respectfully disagree.

A review of ***Reinhart*** demonstrates that it does not stand for the proposition that Appellants assert. In that case, no court reporter was present at trial, and accordingly, the record on appeal did not include a transcript. ***Id.*** at 4. As stated by this Court in ***Reinhart***:

> Mr. Reinhart did not avail himself of the opportunity afforded by Tenn. R. App. P. 24(c) to submit a statement of the evidence to the trial court. Instead, he attached to his reply brief copies of the affidavits of his three witnesses, summarizing the testimony of each witness, together with unauthenticated exhibits related to their testimony. He also attached the affidavit of Geico's witness, testifying that he was out of town on the day of trial,

---

[10] Appellants similarly failed to provide notice to Appellees that no transcript or statement of the evidence would be filed. *See* Tenn. R. Civ. P. 24(d) (requiring appellant to file a notice within fifteen days of the notice of appeal if no transcript or statement of the evidence would be filed).

July 15, 2009. Geico filed a motion to strike the affidavits and exhibits on the ground that they were not included in the record on appeal. We granted the motion, reasoning that **we may not act as a fact finding court or consider evidence not presented to the trial court, and that we may not consider assertions of fact not supported by the record.** Regardless, those affidavits do not illuminate the determinative issue in this appeal, which involves the trial court's determination that Mr. Reinhart closed his proof without introducing the insurance policy.

It is incumbent upon the appellant to provide this court with an adequate appellate record for review. *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (citing *Jennings v. Sewell–Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005)); *Svacha v. Waldens Creek Saddle Club*, 60 S.W.3d 851, 855 (Tenn. Ct. App. 2001). The briefs of the parties and their statements during oral argument may be of value for the purpose of illuminating or explaining the record for the benefit of the appeals court, but they are not part of the record itself. *State v. Thompson*, 832 S.W.2d at 579. To the extent they allege facts which are not contained in the record, or which contradict the record, we may not even consider them.

*Reinhart*, 2010 WL 3852048, at \*4–5 (emphasis added). Thus, we must conclude that even the caselaw cited by Appellants precludes consideration of the affidavit attached to their brief. Mr. Mueller's affidavit contradicts the facts in the record, and as such, we may not consider it. [11] Despite the foregoing deficiencies, we will still examine the facts as appearing in the record in analyzing the propriety of the entry of a default judgment.

Entry of Default Judgment

Without a transcript or statement of the evidence, we must review the trial court's decision based on the record alone. Here, Appellants assert that default judgment was improper because they filed an answer within thirty days of the October 29, 2014 hearing as they allege was directed by the trial court in its oral ruling. The problem with Appellants' reasoning, however, is that the record contains no such indication that the trial court gave

---

[11] The affidavit of Mr. Mueller is not properly notarized under Tennessee law. Tennessee law requires that all notaries use an official seal prescribed and designed by the Secretary of State. *See* Tenn. Code Ann. §§ 8-16-112 (requiring a notary public's seal on affidavits), -114 (explaining the method of imprinting for a notary public's seal). Mr. Mueller's affidavit includes a notary public's signature and the date upon which the notary public's commission expires. The affidavit does not include the official seal of the notary public.

Appellants thirty days to file an answer. Instead, the trial court's order of October 29, 2014 plainly provides that Appellants had ten days from October 29, 2014 to file an answer. The decision to enter a default judgment is reviewed for an abuse of discretion. ***State ex rel. Jones v. Looper***, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). Here, the trial court did not abuse its discretion in entering the default judgment because Appellants failed to comply with the trial court's ten-day time frame. Outside of Appellants' counsel's unsupported allegations in their brief, there is simply no evidence to suggest that Appellants complied with the trial court's order or that the January 5, 2015 order does not accurately reflect the trial court's oral ruling on October 29, 2014. As such, the lack of a transcript or statement of the evidence is fatal to Appellants' arguments as discussed *supra*. We must conclusively presume that the trial court's entry of the default judgment was correct. *See **J.C. Bradford & Co. v. Martin Constr. Co.*¸ 576 S.W.2d 586, 587 (Tenn. 1979).

<u>Frivolous Appeal</u>

Finally, we address Appellees' request for frivolous appeal damages. Appellees argue that they are entitled to frivolous appeal damages for several reasons. First, Appellees contend that Appellants' disregard for the Tennessee Rules of Appellate Procedure pertaining to brief preparation warrants frivolous appeal damages. Second, they contend that the appeal lacks any merit, as evidenced by Appellants' resort to unsupported allegations that do not appear in the record.

Tennessee Code Annotated Section 27-1-122 states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. *See **Banks v. St. Francis Hosp.***, 697 S.W.2d 340, 343 (Tenn. 1985). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." ***Indus. Dev. Bd. v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202 (Tenn. 1978)).

In this case, we conclude that frivolous appeal damages are warranted for several reasons, as discussed *supra*. Accordingly, this appeal is frivolous, and Appellees are entitled to frivolous appeal damages in defending against it.

**Conclusion**

The judgment of the Henry County Chancery Court is affirmed, and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion, including a determination of frivolous appeal damages. Costs of this appeal are taxed to Appellants Michael D. Williams, Brenda K. Williams, and Bryan L. Williams, and their surety.

_____
J. STEVEN STAFFORD, JUDGE