IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 5, 2005 Session

# MARIE B. JENNINGS v. SEWELL-ALLEN PIGGLY WIGGLY, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. CT-005408-00     George H. Brown, Jr., Judge**

---

**No. W2002-01663-SC-R11-CV - Filed October 12, 2005**

---

The trial court granted summary judgment to the defendant in this premises liability action in which the plaintiff alleges that she slipped and fell on a substance located in the defendant's supermarket. The plaintiff appealed. Because the appellate record in this case is inadequate to determine the basis for the appellee's motion or the trial court's judgment, we reverse the judgment of the Court of Appeals, vacate the trial court's grant of summary judgment, and remand this case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed;**
**Remanded to the Trial Court**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Claiborne Hambrick Ferguson, Memphis, Tennessee, for the Appellant-Plaintiff, Marie B. Jennings.

John Barry Burgess, Thomas C. Quinlen, and Richard Sorin, Memphis, Tennessee, for the Appellee-Defendant, Sewell-Allen Piggly Wiggly.

## OPINION

On December 3, 1999, the seventy-nine-year-old plaintiff, Marie B. Jennings ("Ms. Jennings"), sustained a broken femur when she slipped and fell while leaving the meat department of a supermarket owned by the defendant, Sewell-Allen, Inc. ("Sewell-Allen"). As a result of the fall, she sustained permanent injuries.

Ms. Jennings filed suit against Sewell-Allen alleging that it negligently breached its duty of reasonable care by failing to maintain the floors in a safe manner. The trial court granted Sewell-

1

Allen's motion for summary judgment. The Court of Appeals affirmed, concluding that Ms. Jennings was unable to meet her burden of proving actual or constructive notice. We granted review.

ANALYSIS

Sewell-Allen's motion for summary judgment states simply:

Comes now the Defendant, Sewell-Allen, and moves this court for Summary Judgment and for grounds would state to the Court that there is no genuine issue of material fact and Plaintiff [sic] is entitled to judgment as a matter of law. In support of this motion, Plaintiff [sic] would rely on its supporting memorandum of law and the entire record in this cause.

This motion fails to comply with Tennessee Rule of Civil Procedure 7.02(1) requiring that motions "state with particularity the grounds therefor." See Hopkins v. Hopkins, 572 S.W.2d 639, 640 (Tenn. 1978); see also Davis v. Tenn. Dep't of Employment Sec., 23 S.W.3d 304, 315 (Tenn. Ct. App. 2000) (The particularity requirement in Rule 7.02(1) "obliges parties to inform the court what relief they want and to give the court enough information to process the motion correctly.").

Sewell-Allen presented a memorandum of law in support of its motion for summary judgment to the trial judge. It does not appear, however, that the memorandum of law of either party was filed so as to be included in the trial court record. Tennessee Rule of Civil Procedure 5.05 provides that "[a]ll papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter." Filing with the court "shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event he or she shall note thereon the filing date and forthwith transmit them to the office of the clerk." Tenn. R. Civ. P. 5.06. There is no indication that the trial court followed this procedure.

The apparent failure to file these memoranda in the trial court may be explained by Local Rule Six (a) of the Rules of the Circuit Court for the Thirtieth Judicial District. This rule requires "memorandum briefs" to be delivered to the trial judge's chambers but does not specifically provide for these memoranda to be filed with the clerk.[1] To the extent this local rule is interpreted to prevent the filing of a memorandum of law in the trial record, it is inconsistent with Rule 5.05 of the Tennessee Rules of Civil Procedure. See Sup. Ct. R. 18(c) ("[A]ny local rule that is inconsistent

---

[1] Local Rule Six(a) of the Rules of the Circuit Court for the Thirtieth Judicial District provides that

Counsel for the proponent of the motion [for summary judgment] shall deliver memorandum briefs to the Judge (with a copy of affidavits and supporting documents), and shall file with the clerk all original affidavits and supporting documents at least thirty (30) days prior to the hearing of the motion. Counsel for the respondent shall deliver memorandum briefs to the Judge (with a copy of affidavits and supporting documents), and shall file with the clerk all original affidavits and supporting documents at least ten (10) days prior to the hearing of the motion.

with a statute or a procedural rule promulgated by the Supreme Court shall be invalid."). Memoranda of law served upon a party and considered by the trial court must be filed with the clerk as provided by Tennessee Rules of Civil Procedure 5.05 and 5.06.

Inclusion of the legal memoranda in the trial record would not have necessarily resulted in their inclusion in the appellate record. Tennessee Rule of Appellate Procedure 24(a) ordinarily excludes from the appellate record "trial briefs" filed in the trial court. See Advisory Comm'n Comments to Tenn. R. App. P. 24(a) (explaining that trial briefs are "superfluous in view of appellate briefs" and should only be included in the appellate record under "unusual circumstances"). A party may, however, add such excluded items to the appellate record by filing a written designation of the items. Tenn. R. App. P. 24(a). If a party initially fails to designate such items to be included, the record may be supplemented. Tenn. R. App. P. 24(a), (e); see State v. Housler, 167 S.W.3d 294 (Tenn. 2005). Ms. Jennings appended both parties' memoranda of law to her appellate brief. This attachment, however, does not serve to supplement the record on appeal. See State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

The trial court considered Sewell-Allen's motion for summary judgment and the parties' memoranda of law and conducted a hearing on Sewell-Allen's motion. No transcript of the hearing was included in the record.[2] The inclusion in the appellate record of a transcript of the hearing, while normally not necessary, would have assisted us in supplying the information that the record lacks–the basis for Sewell-Allen's motion for summary judgment.

The trial court's order granting the defendant's motion for summary judgment is equally unenlightening. It states:

> This cause came on to be heard upon the Motion for Summary Judgment filed by the Defendant, Sewell-Allen, Inc. and based upon that Motion, the response of the Plaintiff, depositions filed and the entire record in this cause, it appears to the Court that there is no genuine issue as to any material facts and therefore the Motion of the Defendant should be granted.

Tennessee Rule of Civil Procedure 56.04 requires the trial court to include the "legal grounds" upon which a trial court has granted a motion for summary judgment only if requested by one of the parties. See also Tenn. R. Civ. P. 52.01 (excluding summary judgment orders from the rule's requirement that a trial court's order be accompanied by findings of fact and conclusions of law). The record does not indicate that either party made such a request. While the trial court's order complies with Tennessee Rules of Civil Procedure 56.04, it provides us with little assistance. In summary, the record is silent as to the basis of both Sewell-Allen's motion and the trial court's order granting the motion for summary judgment.

---

[2] Ms. Jennings filed a "statement of the evidence" with her notice of appeal. See Tenn. R. App. P. 24(c). Upon Sewell-Allen's motion, a consent order striking Ms. Jennings' statement was entered.

3

An appellant is responsible for preparing the record and providing to the appellate court a "fair, accurate and complete account" of what transpired at the trial level. State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). The appellee, however, shares the responsibility for ensuring the appellate court has a complete record. See Tenn. R. App. P. 24(a), (b), (d) (providing that after the appellant has designated portions of the record or transcript for appeal, the appellee may designate any other part of the record it deems necessary or may prepare a transcript or a statement of the evidence.)

In Svacha v. Waldens Creek Saddle Club, 60 S.W.3d 851 (Tenn. Ct. App. 2001), the Court of Appeals addressed a summary judgment in which the trial court relied upon the plaintiff's testimony in granting the defendant's motion. The transcript of that testimony was not filed in the trial court or included in the record on appeal. The Court of Appeals vacated the summary judgment, concluding that it could not determine whether the summary judgment was proper because the potentially crucial evidence was not in the record. Id. at 856. The intermediate appellate court acknowledged that the burden is on the appellant to prepare a complete record. Id. The Court of Appeals concluded, however, that the appellee shares some of the burden to ensure that the record contains all of the proof considered by the trial court, particularly when the trial court grants the appellee's summary judgment motion. Id. at 855-56 (citing Tenn. R. Civ. P. 56.04; Tenn. R. App. P 24(a)).

We agree with the reasoning in Svacha and conclude that Sewell-Allen has a responsibility to ensure the appellate record is sufficient to determine if the trial court's summary judgment in its favor was proper. In this case, the record is incomplete, and we are unable to determine the basis for the judgment entered by the trial court. We refuse to "perform the equivalent of an archeological dig and endeavor to reconstruct the probable basis for the [trial] court's decision." Church v. Perales, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000) (citation omitted).

## CONCLUSION

If Local Rule Six (a) of the Rules of the Circuit Court for the Thirtieth Judicial District is interpreted to prevent the filing of a memorandum of law in the trial record, the rule is invalid as inconsistent with Rule 5.05 of the Tennessee Rules of Civil Procedure and Supreme Court Rule 18(c). Memoranda of law served upon a party and considered by the trial court must be filed with the clerk as provided by Tennessee Rule of Civil Procedure 5.05 and 5.06.

An appellant has the responsibility to prepare a fair, accurate, and complete record on appeal. An appellee, however, also has a responsibility to ensure the appellate record is adequate, particularly when summary judgment has been granted in its favor. The appellate record is inadequate for us to determine the basis for either the appellee's motion or the trial court's judgment. Accordingly, we reverse the judgment of the Court of Appeals, vacate the trial court's grant of summary judgment, and remand this case to the trial court for further proceedings consistent with this opinion.

Costs of appeal are taxed to the appellee, Sewell-Allen, Inc., and its sureties, for which execution may issue if necessary.

_____

JANICE M. HOLDER, JUSTICE

5