IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 25, 2010 Session

**TONYA L. GERAKIOS  v. MICHAEL T. GERAKIOS, JR.**

**Direct Appeal from the Circuit Court for Davidson County**
**No. 08D1276      Carol Soloman, Judge**

**No. M2009-01309-COA-R3-CV - Filed June 30, 2010**

This is an appeal from a final decree of divorce.  The trial court granted the wife a divorce, equitably divided the parties' property, and awarded the wife alimony *in solido*.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed, and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Sheryl Guinn, Brentwood, Tennessee, for the appellant, Michael T. Gerakios, Jr.

Lance B. Mayes, Brentwood, Tennessee, for the appellee, Tonya L. Gerakios Emerton.

**MEMORANDUM OPINION[1]**

This appeal arises out of a complaint for divorce filed in Davidson County, Tennessee.  The plaintiff/appellee, Tonya Gerakios ("Wife"), filed for divorce from her husband of nearly twenty-four years, Michael Gerakios ("Husband").  Wife's complaint alleged grounds of irreconcilable differences, inappropriate marital conduct, and habitual drunkenness; requested an equitable division of the parties' property; and prayed for an award of alimony.  Nearly six months later, Wife filed a

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

motion for default judgment and to set a final hearing arguing that Husband had not filed an answer, had not hired an attorney, and had refused to resolve the matter amicably. Based on the statements of counsel and the evidence presented at the hearing of the motion, the trial court granted Wife a default judgment of divorce and set a final hearing to consider the remaining issues.[2] After a final hearing, the trial court entered a final decree granting Wife a divorce on the grounds of inappropriate marital conduct and habitual drunkenness, equitably dividing the parties' property, and awarding Wife alimony *in solido*. The trial court later denied a motion to set aside the default judgment, which Husband's newly retained counsel filed. This appeal ensued.

The parties collectively raise the following issues, as we perceive them, for our review:

(1)      Whether Husband timely filed his notice of appeal;

(2)      Whether Husband fulfilled his duty to provide a fair, accurate, and complete account of what transpired with respect to the issues raised on appeal;

(3)      Whether the trial court failed to classify the parties' property as marital or separate;

(4)      Whether the trial court erred when it awarded attorney's fees to Wife as alimony *in solido*;

(5)      Whether this Court should exercise its discretion to award Wife damages in the form of attorney's fees because Husband filed a frivolous appeal.

We address these issues in turn.

This first question before this Court concerns our subject matter jurisdiction to decide the issues presented. In order to preserve an appeal of right, an appellant must timely file a notice of appeal. Tenn. R. App. P. 3(e). Extension of the time for filing is not permitted, Tenn. R. App. P. 2, and failure to timely appeal leaves this Court without subject matter jurisdiction, *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (citations omitted). Rule 4(a) of the Tennessee Rules of Appellate Procedure generally requires the filing of a notice of appeal within thirty days of the entry of the judgment appealed from. Tenn. R. App. P. 4(a). Rule 4(b) of the Tennessee Rules of Appellate Procedure nevertheless suspends the operation of the thirty-day rule while certain timely filed post-trial motions are pending with the trial court, including a motion for new trial pursuant to Rule 59.02 of the Tennessee Rules of Civil Procedure. Tenn. R. App. P. 4(b). This Court has recognized that a motion to set aside a default judgment filed and served within thirty days of the entry of judgment is deemed a Rule 59.02 motion for new trial. *Henson v. Diehl Machs., Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984).

---

[2]Husband does not challenge the propriety of the default judgment on appeal.

In this case, Husband filed and served his motion to set aside the default judgment within thirty days of the entry of the final decree. Because we deem his motion to be a Rule 59.02 motion for new trial, Rule 4(b) tolled the thirty-day requirement until the trial court entered an order denying the motion. *See* Tenn. R. App. P. 4(b). It is undisputed that Husband did not file his notice of appeal within thirty days of the entry of the final decree; however, he did file a notice of appeal within thirty days of the denial of his motion to set aside the default judgment. Thus, his appeal was timely filed and this Court has subject matter jurisdiction.

Wife nevertheless argues that consideration on the merits is unnecessary because Husband failed to prepare an adequate record for our review. No transcript of the evidence was available to the parties in this case. Husband accordingly prepared a statement of the evidence pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure, which provides:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. *Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal.* Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Tenn. R. App. P. 24(c) (emphasis added). Husband, however, did not notify Wife of the issues he intended to appeal, which forced Wife to speculate upon which facts she should include in her responsive statement of the evidence.[3] As a result, Wife's statement of the evidence, which the trial court accepted over the statement that Husband prepared, did not include a fair and complete account of what transpired in the trial court with respect to the distribution of property and the award of

---

[3]We also note that Husband's notice of appeal did not designate the final decree as the order he intended to appeal; rather, the notice of appeal indicated that he intended to appeal the denial of his motion to set aside the default judgment. Though Wife does not argue that this Court should limit its review to the order designated in Husband's notice, the failure to designate the final decree for review provided Wife with additional reason not to fully address the facts relevant to the issues Husband ultimately raised.

alimony *in solido*.[4]

Husband retained the primary responsibility, as the appellant, to provide an adequate record for our review, even though the trial court accepted Wife's account of the events below. *See Svacha v. Waldens Creek Saddle Club*, 60 S.W.3d 851, 855 (Tenn. Ct. App. 2001) (citation omitted). Wife, as the appellee, bore some responsibility for providing this Court with a complete record, *see Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005) (citing Tenn. R. App. P. 24(a), (b), (d)), but we are persuaded that Wife carried her burden when she submitted a statement of the evidence that included what she believed to be a fair, accurate, and complete account of the factual issues raised in Husband's previously filed statement. Ultimately, it was Husband's failure to provide a notice of the issues presented that prevented Wife from further detailing the facts relevant to the issues he subsequently raised on appeal. It is our opinion that Husband should bear the consequence of his failure, not Wife. The consequence of Husband's failure in this case is that we must presume there was sufficient evidence to support the trial court's judgment in favor of Wife. *See Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (recognizing that an appellate court will apply a conclusive presumption that sufficient evidence supported a trial court's judgment if the statement of the evidence is incomplete). Husband, therefore, is unable to prevail.

Wife argues as a final matter that she should receive an award of attorney's fees because Husband's appeal is frivolous. Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000). An appeal is frivolous if it is devoid of merit or has no reasonable chance of success. *Robinson v. Currey*, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004) (citing *Indus. Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

---

[4]Wife's statement of this evidence specifically stated that it did not provide a complete recollection of what transpired in the court below:

> [Wife] has still not received notice from [Husband] in regards to the issues [Husband] desires to raise on appeal. There was a vast array of testimony not fully listed in this statement of facts. [Wife] has filed these facts based upon the Court's desire and has adopted this version instead of [Husband's]. However, [Wife] submitted these facts based upon the facts submitted by [Husband]. Therefore, [Wife] would request leave to amend when and if [Husband] informs [Wife] as to the issues to be raised on appeal.

The trial court nevertheless adopted Wife's statement as a more accurate depiction of the events before it than Husband's opposing statement.

If an appeal is frivolous, the decision to award damages is purely within the discretion of this Court, *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn.1985), which we exercise sparingly so as not to discourage litigants from filing legitimate appeals, *id.* at 181 (citing *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977)). We have nevertheless recognized that prevailing parties "'should not have to bear the expense and vexation of groundless appeals.'" *Id.* (quoting *Davis*, 546 S.W.2d at 586). In light of the arguments presented and the state of the record, we find that this appeal had no reasonable chance of success. We accordingly hold that Wife is entitled to award of reasonable attorney's fees incurred to defend this appeal and remand this case to the trial court to determine the appropriate amount of the award.[5]

**Conclusion**

For the foregoing reasons, the decision of the trial court is affirmed and we remand this case to the trial court for an assessment of reasonable attorney's fees incurred by the appellee, Tonya Gerakios, on appeal. Costs of this appeal are taxed to the appellant, Michael T. Gerakios, Jr., and his surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[5]We limit the award of damages to attorney's fees because that is all that Wife requested in her brief.