FILED
06/23/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 8, 2021 Session

## JAMES DAVID LUCY v. LEA KIELE MIU LING LUCY

**Appeal from the Chancery Court for Obion County**
**No. 34221    W. Michael Maloan, Chancellor**
_____

**No. W2020-01275-COA-R3-CV**
_____

In this divorce action, the husband appeals the trial court's award of alimony in futuro to the wife. Because the trial court's final order contains no findings of fact or conclusions of law to support its alimony award under Rule 52.01 of the Tennessee Rules of Civil Procedure, we vacate the alimony award and remand this case to the trial court for the entry of a more detailed order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

James T. Powell, Martin, Tennessee, for the appellant, James David Lucy.

David L. Hamblen, Union City, Tennessee, for the appellee, Lea Kiele Miu Ling Lucy.

## MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff/Appellant James David Lucy ("Husband") and Defendant/Appellee Lea Kiele Miu Ling Lucy ("Wife") were married on May 15, 2004. They owned a marital residence and had one child who reached the age of majority by the time of the divorce. A divorce action was instituted in the Obion County Chancery Court (the "trial court") on December 18, 2019. A trial occurred on July 10, 2020, at which the parties testified, along with a Human Resources representative from Husband's job. The trial court took the matter under advisement and apparently issued a ruling on July 31, 2020; however, no transcript from a hearing on this date is included in the appellate record.[2] The trial court then filed a final written order on August 17, 2020.

In its final order, the trial court stated that in its July 31, 2020 ruling, it declared the parties divorced pursuant to Tennessee Code Annotated section 36-4-129(b) and divided the marital debt associated with credit cards and automobiles as proposed in Husband's Affidavit of Assets and Liabilities. The trial court further awarded Husband the marital home to either sell and split any equity with Wife, or refinance, remove Wife's name from the note, and assume the associated debt. The trial court also stated that it had considered "all relevant factors in Tennessee Code Annotated section 36-5-121," and granted Wife's request for alimony in futuro in the amount of $750.00 per month, beginning August 1, 2020. Finally, the trial court ordered each party to pay their respective attorney's fees and taxed the court costs to Husband. The trial court filed an amended final order of divorce on October 22, 2020, which incorporated by reference the prior order in its entirety, adding only that Wife would be restored to her former name. Husband appealed.

## ISSUES PRESENTED

Husband raises the following issue for review, taken from his brief: "Whether the trial court erred in its consideration of all relevant factors in deciding to grant alimony in futuro to the Wife in the amount of $750.00 per month." In the posture of appellee, Wife raises the following issue, taken from her brief: "Whether the trial court properly granted alimony in futuro to the Wife in the amount of $750.00 per month."

## DISCUSSION

Because the only issue on appeal is whether the trial court properly awarded alimony in futuro, our review of the trial court's order is confined to that issue. "[A]limony in futuro [] is intended to provide support on a long-term basis until the death or remarriage of the recipient." *Id.* at 107 (citing Tenn. Code Ann. § 36–5–121(f)(1)). It "can be awarded where

---

[2] It is unclear if the ruling issued on July 31, 2020 was oral or written. At oral argument, Wife's counsel referenced a letter the trial judge issued after he took the matter under advisement. No such letter is in the record.

'the court finds that there is relative economic disadvantage and that rehabilitation is not feasible'" or where the disadvantaged spouse cannot reasonably achieve the standard of living the disadvantaged spouse enjoyed during the marriage or that their former spouse will enjoy post-divorce. *See id.* at 107–08 (citations omitted). "Alimony in futuro 'is not, however, a guarantee that the recipient spouse will forever be able to enjoy a lifestyle equal to that of the obligor spouse,'" because "[i]n many instances, the parties' assets and incomes simply will not permit them to achieve the same standard of living after the divorce as they enjoyed during the marriage." *Id.* at 108 (citations omitted).

Pursuant to Tennessee Code Annotated section 36-5-121(i),

In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

"Although each of these factors must be considered when relevant to the parties' circumstances, 'the two that are considered the most important are the disadvantaged spouse's need and the obligor spouse's ability to pay.'" ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 110 (Tenn. 2011) (citations omitted).

Our supreme court has explained,

[T]rial courts have broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of the award. . . . [A] trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors. As a result, [a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision. . . . absent an abuse of discretion. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. . . . [W]hen reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision.

***Id.*** at 105–06 (footnote, quotation marks, and citations omitted).

We are hampered in our review of the trial court's alimony award here, however, because the trial court's order does not contain any factual findings, nor does it explain the trial court's decision to award alimony in futuro. The trial court purports to have considered the relevant factors to an alimony determination contained in section 36-5-121(i), but does not explain its findings on any of those factors, or any other bases for its alimony determination.

- 4 -

Rule 52.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part, that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Therefore, "[i]n bench trials, trial courts must make findings of fact and conclusions of law to support their rulings." *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012). "A trial court must do more than simply state its decision." *Howard v. Beasley*, No. W2019-01972-COA-R3-CV, 2020 WL 6149577, at *3 (Tenn. Ct. App. Oct. 20, 2020) (citations omitted). While there is no bright-line rule for the adequacy of a trial court's order, "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013). A trial "'court must go beyond mere summation by linking the evidence to its clearly stated findings of fact and conclusions of law.'" *Rosebrough v. Caldwell*, No. W2018-01168-COA-R3-CV, 2019 WL 6898218, at *4 (Tenn. Ct. App. Dec. 18, 2019) (quoting *In re S.S.-G.*, No. M2015-00055-COA-R3-PT, 2015 WL 7259499, at *12 (Tenn. Ct. App. Nov. 16, 2015)). "'Without such findings and conclusions, this [C]ourt is left to wonder on what basis the [trial] court reached its ultimate decision." *Babcock v. Babcock*, No. E2014-01670-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009) (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004))).

The proper remedy when the trial court fails to make sufficient findings of fact and conclusions of law is generally to vacate and remand for the entry of a more detailed order. *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). However, "[w]hen a trial court fails to make factual findings, appellate courts may soldier on when the case involves only a clear legal issue, or when the court's decision is readily ascertainable." *Crouch v. Crouch*, No. M2020-00951-COA-R3-CV, 2021 WL 1590233, at *3 (Tenn. Ct. App. Apr. 23, 2021) (quotation marks and citations omitted). For example, if a trial court "make[s] findings throughout the final decree that are relevant to each applicable statutory factor [in Tennessee Code Annotated § 36-5-121(i)]," even if it "d[oes] not make specific findings regarding each factor set forth," we may be able to soldier on. *See Adams v. Adams*, No. M2019-00309-COA-R3-CV, 2020 WL 2062302, at *7 (Tenn. Ct. App. Apr. 29, 2020).

Specifically in the context of alimony awards, this Court has emphasized the importance of trial courts making adequate findings. We have therefore often chosen to vacate the trial court's ruling and remand for the entry of a new order, rather than undertake an independent review of the record. *See Griffin v. Griffin*, No. M2019-01113-COA-R3-CV, 2020 WL 4873251, at *13 (Tenn. Ct. App. Aug. 19, 2020) (citation omitted) ("In light of the trial court's failure to make sufficient findings of fact regarding Husband's ability to pay the amount of alimony awarded to Wife, we vacate the award of alimony . . . and

- 5 -

remand the case for reconsideration of the amount of alimony."). For example, in ***Cain-Swope v. Swope***, 523 S.W.3d 79 (Tenn. Ct. App. 2016), when the trial court failed to make adequate findings as to ability to pay in particular, we vacated the judgment and "remanded for reconsideration of the amount of alimony, if any, to be awarded." ***Id.*** at 100. We reiterated that "[w]hen a trial court fails to make sufficient findings of fact, we are unable to presume there is a factual basis for the underlying decision . . . . Moreover, because the court did not state sufficient findings of fact and conclusions of law, we [were] deprived of one of the primary purposes of Rule 52.01, which is to facilitate appellate review by 'affording a reviewing court a clear understanding of the basis of a trial court's decision.'" (citations omitted). ***Id.*** at 99. We therefore directed the trial court "to make findings of fact as to the reasonableness of each party's expenses, to ascertain the amount of alimony needed by [h]usband and the amount of alimony [w]ife is able to pay, and direct the entry of a judgment setting the appropriate amount of alimony in futuro." ***Id.*** (noting that "[w]hether to reopen the proof concerning this issue is left to the discretion of the trial court").

As in ***Cain-Swope***, the question of alimony, and, in particular, Husband's ability to pay, is highly disputed in this case.[3] The trial court's final order, however, contains no factual findings whatsoever, much less any explanation behind its award of alimony. It appears that the trial court may have issued some sort of ruling on July 31, 2020; however, the record on appeal contains no transcript or other documentation from that hearing. Our review is limited to the record presented on appeal. *See* ***Chiozza v. Chiozza***, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (citing ***Jennings v. Sewell-Allen Piggly Wiggly***, 173 S.W.3d 710 (Tenn. 2005)) ("This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate.").

Without any factual findings to illuminate its reasoning, we are left to guess at how the trial court reached its ultimate decision. *See* ***Gooding v. Gooding***, 477 S.W.3d 774, 776 (Tenn. Ct. App. 2015) ("[I]n the absence of findings of fact and conclusions of law, this court is left to wonder on what basis the court reached its ultimate decision."). As a result, the trial court's decision is simply not readily ascertainable. *See* ***Crouch***, 2021 WL 1590233, at *3. Nor does this case involve only a clear legal issue. *See id.* On the contrary, alimony is a "factually driven" issue. ***Gonsewski***, 350 S.W.3d at 105. Moreover, we have previously held that vacating the judgment of the trial court is often the most appropriate remedy in these circumstances, "in light of the Tennessee Supreme Court's directive that this Court should not 'relieve trial courts of the "high judicial function" required of judicial decision-making by conducting "archeological digs" of the record in an effort to support a trial court's decision.'" ***Grissom v. Grissom***, 586 S.W.3d 387, 396 (Tenn. Ct. App. 2019) (describing this approach as "the more modern remedy") (quoting ***Heun Kim v. State***, No. W2018-00762-COA-R3-CV, 2019 WL 921039, at *6 (Tenn. Ct. App. Feb. 26,

---

[3] For example, one of the disputes involves whether Husband should be paying expenses for his adult son. This is a dispute for the trial court to resolve.

2019) (quoting ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 312 (Tenn. 2014))). Therefore, we decline to soldier on, and instead vacate the trial court's judgment and remand this matter to the trial court. Upon remand, the trial court shall enter an order containing sufficient findings and conclusions regarding the award of alimony so as to comply with Rule 52.01.[4]

## CONCLUSION

The judgment of the Chancery Court of Obion County is vacated, and this cause remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed equally to Appellant James David Lucy and Appellee Lea Kiele Miu Ling Lucy, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[4] The trial court may consider additional proof on this issue, in its discretion.