IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 4, 2022

## REGINALD MCWILLIAMS v. SHELBY COUNTY LAND BANK ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-19-1576-1   Jim Kyle, Chancellor**

_____

### No. W2021-00732-COA-R3-CV

_____

This appeal arises from a collateral attack of a tax sale of real property. The action was commenced by a pro se plaintiff against various Shelby County government entities. The plaintiff and his siblings inherited real property from their father, who died in 1992, and subsequently failed to pay property taxes for a number of years. The Shelby County Trustee's office notified the plaintiff of the tax debt and an impending tax sale. The plaintiff did not pay the debt, and the property was sold. Several years later, the plaintiff commenced this action by filing an "'Emergency' Application for a Restraining Order" to prevent Defendants from "stealing" his property. After a hearing, the trial court denied the Application for a Restraining Order and dismissed the action with prejudice. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Reginald McWilliams, Memphis, Tennessee, appellant, pro se.

Michael Burnett Joiner, Memphis, Tennessee, for the appellees, Shelby County Land Bank, Shelby County Trustee, Shelby County Government, and Shelby County Assessor of Property.

### MEMORANDUM OPINION[1]

_____

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

## FACTS AND PROCEDURAL HISTORY

This case concerns real property located at 1523 S. Montgomery Street in Memphis, Tennessee ("the Property"). The Property was previously owned by Daniel McWilliams, the father of Reginald McWilliams ("Plaintiff"). Following the death of Daniel McWilliams in 1992, Plaintiff and his siblings inherited the Property pursuant to their father's will, and the Estate of Daniel McWilliams was closed in 1994. Pursuant to a quitclaim deed executed on October 20, 1997, Plaintiff's siblings conveyed their interest in the Property to Plaintiff.[2] As such, Plaintiff became the sole owner of the Property.

For reasons that are unexplained in the record, the Shelby County Trustee's office continued to name "MCWILLIAMS DAN JR (ESTATE OF)" as an owner of the Property along with Plaintiff and, at times, Plaintiff's sister, Beverly McWilliams. Regardless, no one paid property taxes on the Property between 2005 and 2017, resulting in an outstanding tax debt of $23,498. The Shelby County Trustee's office notified Plaintiff that the Property would be sold at a tax sale if the debt was not paid. Plaintiff did not pay the debt, and the Property was sold in April 2017.

Plaintiff commenced this action in November 2019 by filing a pro se "'Emergency' Application for a Restraining Order" against the Shelby County Trustee, the Shelby County Land Bank, the City of Memphis ("the City"), Shelby County ("the County"), and the Shelby County Assessor of Property (collectively, "Defendants")[3] to prevent them from "stealing" the Property. In an attached affidavit, Plaintiff asserted that Defendants violated the Fifth Amendment to the United States Constitution and the doctrine of res judicata by seeking payment of back taxes outside of the 6-month limitation period for claims against the Estate of Daniel McWilliams. Plaintiff also asserted that Defendants "disregarded" him as the new owner of the Property.

The trial court dismissed the action after a hearing in May 2021. In doing so, the court found that (1) Plaintiff failed to pay property taxes on the Property for a number of years; (2) Plaintiff knew the property taxes were not paid; (3) Shelby County notified Plaintiff that the Property would be sold to satisfy the tax debt; and (4) the Property was

---

would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The 1997 quitclaim deed, which was duly recorded on October 23, 1997, identified the grantors as Raymond McWilliams, Diane McWilliams, Estella McWilliams, Beverly McWilliams, Charles McWilliams, Danis McWilliams, and Antionette McWilliams.

[3] Plaintiff also named the State of Tennessee as a defendant. However, the State of Tennessee did not respond to the petition and is not a party on appeal.

sold at a tax sale in 2017. Noting that Plaintiff no longer owned the Property, the court denied his Application for a Restraining Order and dismissed the case.

This appeal followed.

**ANALYSIS**

We begin our analysis by noting that Plaintiff represented himself pro se before the trial court and is representing himself pro se on appeal. "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003)). That said, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* (quoting *Young*, 130 S.W.3d at 63).

One of those rules is Tennessee Rule of Appellate Procedure 27. Subject to some exceptions, issues must be presented in the manner prescribed by Rule 27 to be properly raised on appeal. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). Rule 27(a)(4) requires an appellant's brief to contain "[a] statement of the issues presented for review," and Rule 27(a)(7) requires the appellant's brief to include an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on[.]" Tenn. R. App. P. 27(a)(7); *see also* Tenn. Ct. App. R. 6(a) (requiring written argument for each issue on appeal with specific citations to the record). "An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge*, 382 S.W.3d at 335; *see also Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (finding plaintiff waived issues due to noncompliance with the Rules of Appellate Procedure and this court's rules) (citations omitted).

Here, Plaintiff's brief includes the following issues for review, which we restate verbatim:

(1) Violation of United State Constitution Amendment V

(2) Violation of United States Constitution Amendment 1

(3) Violation of statute of limmitations [sic] (state law)

(4) Falsifying records, law, rules, policies, procedures.

(5) Conducting unlawful tribunals.

The argument section in Plaintiff's brief, however, consists of one handwritten paragraph that develops no discernable legal argument on the issues presented. With respect to Plaintiff's first issue, the argument section simply contends that "[t]his entire cause violates the due process clause of the United States Constitution." With respect to the second issue, Plaintiff argues that "[b]eing denied access to the Court is a violation of the [the First Amendment to the United States Constitution]." But Plaintiff does not explain how, when, or where he was denied access to the court. Plaintiff also asserts broadly that the exhibits in the record "are all falsified." Moreover, aside from brief references to the United States Constitution and "the Chancery Court Rules of Court," Plaintiff's brief includes no citation to legal authority.

Rule 27 also requires a concise statement of the applicable standard of review, *see* Tenn. R. App. P. 27(a)(7)(B), and "[a] short conclusion, stating the precise relief sought," Tenn. R. App. P. 27(a)(8). Plaintiff's brief does not include a statement of the applicable standard of review, and his statement of the relief sought broadly asks us to "compensate" him for unspecified losses and to hold Defendants "accountable for their action." He concludes by asserting that "state officials projects [sic] themselves as supreme rulers, that have sub[j]ugated the United States Constitution and Tennessee state constitution with the use of heavy handed slickness."

Another relevant rule, Tennessee Rule of Appellate Procedure 24, requires the appellant to prepare and submit either a transcript of the proceedings, *see* Tenn. R. App. P. 24(b), a statement of the evidence, *see* Tenn. R. App. P. 24(c), or a notice that no transcript or statement is to be filed, *see* Tenn. R. App. P. 24(d). "An appellant is responsible for preparing the record and providing to the appellate court a 'fair, accurate and complete account' of what transpired at the trial level." *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005) (quoting *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993)); *see* Tenn. R. App. P. 24(c) (providing that a statement of the evidence must convey "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"). We note that Plaintiff initially failed to provide any of these documents. But after this court entered an order stating that Plaintiff must comply with Rule 24, Plaintiff filed a statement of the evidence. The statement, however, consists of two paragraphs that largely reiterate the arguments from Plaintiff's brief. We find this does not provide "a fair, accurate and complete account of what transpired at the trial level."

"This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Bean*, 40 S.W.3d at 56 (citing *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993)). We cannot search the record and revise a litigant's brief "so as to create issues of claimed errors by the Trial Court" because doing so would have this court serve as the litigant's attorney. *Murray*, 457 S.W.3d at 403. Further, "[i]n the absence of a transcript or a statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c), we must presume that the evidence

- 4 -

supports the Trial Court's findings . . . ." *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007) (citing *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)).

In this case, the trial court denied Plaintiff's Emergency Application for Restraining Order and dismissed the lawsuit. In its Order of June 4, 2021, the court found that Plaintiff had not paid property tax for the Property since 2005—despite knowing that the taxes were owed—resulting in an arrearage of $23,498. The court also found that Defendants sent notice to Plaintiff that the Property would be sold if the taxes were not paid. Finally, the court found that Defendants sold the Property via tax sale in April 2017.

"County governments are authorized to levy taxes on real property." *Breakey v. Sequatchie Cnty.*, No. M2016-01504-COA-R3-CV, 2017 WL 2536849, at *2 (Tenn. Ct. App. June 12, 2017) (citing Tenn. Code Ann. § 67-5-102). "Property owners in Tennessee are charged with the knowledge both that their property is subject to taxation and that property taxes are due each year." *Id.* (citing *Davidson Pabts, LLC v. Worsham*, No. M2014-01061-COA-R3-CV, 2015 WL 4115174, at *4 (Tenn. Ct. App. May 18, 2015)). When a property owner fails to pay taxes, the government must file suit to collect the taxes. *See* Tenn. Code Ann. § 67-5-2405(a). "[I]f taxes remain unpaid, the court has the authority to sell the property." *Breakey*, 2017 WL 2536849, at *2 (citing Tenn. Code Ann. §§ 67-5-2005, -2501).

Presuming that the evidence supports the trial court's finding, as we must, *see Reinhardt*, 241 S.W.3d at 477, we find no error in the trial court's decision to deny Plaintiff's request for an emergency restraining order and dismiss the complaint.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Reginald McWilliams.

_____
FRANK G. CLEMENT JR., P.J., M.S.