IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 3, 2025

IN RE ESTATE OF TIMOTHY R. CURTIS

**Appeal from the Probate and Family Court for Cumberland County**
**No. 2022-PF-8817      Amanda Magan Worley, Judge**

———————————————————

**No. E2024-00724-COA-R3-CV**

———————————————————

This appeal arises from a verified claim against an estate seeking the repayment of a purported loan made to the decedent by his mother. The decedent's surviving girlfriend, as executrix of the estate, claimed the funds provided to the decedent by his mother were a gift as opposed to a loan. Following a bench trial, the trial court concluded that the funds were a loan and entered an order in favor of the mother. The estate timely appeals to this Court. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court for Cumberland County Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Howard L. Upchurch and Stacy H. Farmer, Pikeville, Tennessee, for the appellants, Jill D. Henry and Estate of Timothy R. Curtis.

Radford H. Dimmick, Nashville, Tennessee, for the appellee, Judith Downing.

**OPINION**

**BACKGROUND**

Timothy R. Curtis ("Decedent") died testate on May 1, 2022. Decedent's last will and testament was submitted for probate on June 28, 2022, in the Probate and Family Court for Cumberland County (the "trial court"), and Decedent's girlfriend, Jill D. Henry, was appointed as Executrix of his estate (the "Estate" and together with Ms. Henry, the "Appellants"). On August 17, 2022, Decedent's mother, Judith Downing ("Appellee"), filed a claim against the Estate seeking repayment of $30,000, which she claims to have

loaned Decedent to purchase a house. Appellants filed an exception to Appellee's claim, arguing that it lacked an evidentiary basis, did not include any proof indicating indebtedness, and failed to attach the written instrument indicating that any loan was made. Citing Tennessee Code Annotated § 30-2-307(b), Appellants argued that "[w]hen a claim is evidenced by a written instrument, the instrument or a photocopy of the instrument shall be filed."

Appellee responded by filing a "Notice of Filing Exhibits to Amend Verified Claim Against Estate" on October 31, 2022. She attached copies of a cashier's check dated September 4, 2018 and real estate assessment data demonstrating that Decedent purchased property for $34,500 on October 12, 2018. Appellee filed another notice of exhibit on November 7, 2022, and attached a copy of a letter she purportedly sent to Decedent along with the cashier's check. The letter is addressed to "Tim" from "Mom" and states that the $30,000 is a loan for Decedent's home purchase.

Appellants filed another exception on December 15, 2022, averring that Appellee intended the funds to be a gift to Decedent. Appellants argued that the letter was not an enforceable contract, having not been signed by the Decedent, and that it would be impossible to determine if the letter was sent on the same day as the check.

On May 3, 2023, the trial court held a hearing on Appellants' exceptions to Appellee's claim. There is no transcript of this hearing in the record; however, the record suggests that the parties disagreed about the admissibility of certain exhibits. On May 17, 2023, the trial court entered an order providing as relevant:

> The following exhibits were presented into evidence:
>
> 1. Copy of cashier's check dated September 4, 2018 . . ., Judith B. Downing, Remitter, Paid to the Order of Timothy R. Curtis in the amount of $30,000; and,
>
> 2. Jill D. Henry's response to Interrogatory #2 of Executrix's Answers to Creditor's First Set of Interrogatories, Requests for Admissions and Requests for Production of Documents.
>
> Judith Downing then attempted to file a copy of a letter dated September 4, 2018 from Judith B. Downing to Timothy R. Curtis sent with check in the amount of $30,000 outlining the purpose for the loan and the terms of repayment. Counsel for the Executrix objected on three grounds:
>
> A. The content of the letter is inadmissible hearsay;
>
> B. The content of the letter violates the Dead Man's Statute;

2

C. The content of the letter violates the Parol Evidence Rule.

The parties' respective Counsel enjoyed a vigorous debate on these issues until the Court ordered that the parties are to each file a legal brief with the Court outlining their objections and responses thereto[.]

The parties returned to the trial court on April 5, 2024 for a final hearing. The record contains a transcript from this hearing. Arguments at the beginning of the hearing centered around whether a contract existed between Appellee and Decedent. Appellants objected to Appellee testifying about the September 4, 2018 letter and her intentions in giving Decedent the check. The trial court ultimately sustained Appellants' objection to Appellee's testimony, ruling that the letter and any related testimony was inadmissible under the dead man's statute.

At the end of the hearing, the trial court ruled orally, relying on this Court's opinion in *Gillia v. Gillia*, No. 02A01-9411-PB-00250, 1995 WL 702790, at *1 (Tenn. Ct. App. Nov. 28, 1995), and noting that

> Tennessee law had established, [a] presumption arises from the delivery of a check, and the presumption is that the delivery of a check indicates the check's indicated as a loan and not a gift. And when that presumption is found, then there is a burden that would shift, because there has been prima facie evidence shown.
>
> So the Court would -- in this case, obviously, the Court found that -- that it was properly admitted, the check from [Appellee] to [Decedent]. And I don't think there's been any disagreement that that was negotiated by [Decedent], cashed, deposited.
>
> And at that point, I think it would be on the estate to produce evidence to show that that was intended to be a gift and evidence that would not, again, violate the dead man's statute.

(Vol. II, R. at 55). The trial court entered its final order, finding in favor of Appellee, on April 18, 2024. The order, as pertinent, provides:

> This matter came to be heard for final hearing on the 5th day of April, 2024, before the Honorable Judge Amanda Worley, upon the Executrix's Exception to the Claim of Judith Downing in the amount of $30,000.00.
>
> Upon a review of the evidence presented in open Court, and the arguments of Counsel, the Court is of the opinion that said claim should be allowed and same is hereby GRANTED.

3

It is therefore ORDERED, ADJUDGED AND DECREED that the claim heretofore filed against the above Estate by Judith Downing be and the same is hereby allowed in the amount of $30,000.00.

This is a final order within the meaning of Rule 58 of the Tennessee Rule of Civil Procedure.

Appellants timely appealed to this Court.

## ISSUES

Appellants frame their issues on appeal as:

Whether the verified claim, as amended, filed by the Appellee should have been disallowed because:

(1) The introduction of the September 4, 2018 Wells Fargo cashier's check and/or testimony that the check was a loan was barred by T.C.A. § 24-1-103 (the dead man's statute);

(2) The introduction of the September 4, 2018 Wells Fargo cashier's check and/or testimony that the check was a loan was barred by the parole evidence rule;

(3) The introduction of the September 4, 2018 letter from the Claimant/Appellee was barred by the dead man's statute; and

(4) The introduction of the September 4, 2018 letter from the Claimant/Appellee was barred by the parole evidence rule.

## STANDARD OF REVIEW

This case was tried by a judge sitting without a jury.

In a non-jury case such as this one, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review the trial court's resolution of questions of law de novo, with no presumption of correctness.

*Kelly v. Kelly*, 445 S.W.3d 685, 691–92 (Tenn. 2014). Appellants raise evidentiary issues. We review evidentiary decisions based on an abuse of discretion standard. *Caldwell v.*

*Ruby Falls, LLC*, 674 S.W.3d 899, 908 (Tenn. Ct. App. 2023). The trial courts are afforded "wide latitude" on such decisions. *Id.* (quoting *McGarity v. Jerrolds*, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013)). "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Id.* When "reasonable judicial minds can differ concerning [an evidentiary ruling's] soundness[,]" this Court "permit[s] a discretionary decision to stand . . ." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). Even if the trial court erred in an evidentiary ruling, the ruling may still stand if the error was harmless and did not affect the outcome of the trial. *See McAdams v. McAdams*, No. E2019-02150-COA-R3-CV, 2020 WL 4723762, at *8 (Tenn. Ct. App. Aug. 13, 2020).

## DISCUSSION

First, Appellants take issue with the cashier's check admitted into evidence at the May 3, 2023 hearing. Appellants appear to argue that the check should have been excluded based upon the dead man's statute and the parol evidence rule. This issue lacks merit. There is no transcript from the hearing at which this check was entered into evidence. Per the trial court's May 17, 2023 order, all we can discern from the record before us is that the trial court entered the check into evidence. Moreover, Appellants' counsel admitted at the April 5, 2024 hearing that the check was already an exhibit and did not raise any objection at that time to the check's admission.

Because the record does not contain a transcript of the first hearing at which the cashier's check was admitted, the basis of any objections and counsels' arguments are not adequately reflected in the record. Consequently, it is not clear from the record that Appellants properly preserved any objections to the cashier's check. Rather, based on the only transcript in the record before us, the best we can discern is that to the extent Appellants ever objected to admission of the cashier's check, they abandoned that argument. Evidentiary issues may not be raised for the first time on appeal and must be adequately preserved in the lower court. *See State v. Reynolds*, 635 S.W.3d 893, 930 (Tenn. 2021) ("Tennessee law requires a timely and specific objection in the trial court to preserve an evidentiary issue for appellate review."); *see also Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005) ("An appellant has the responsibility to prepare a fair, accurate, and complete record on appeal."). Further, in the absence of the May 3, 2023 hearing transcript, "we must presume that the record would have supported the trial court's findings." *City of Pigeon Forge v. RLR Invs., LLC*, No. E2023-01802-COA-R3-CV, 2025 WL 1261263, at *10 (Tenn. Ct. App. Apr. 30, 2025) (citing *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)).

Considering the foregoing, Appellants are not entitled to relief regarding the check's admission into evidence.

Next, Appellants' statement of the issues provides that the letter was inadmissible pursuant to the dead man's statute and the parol evidence rule. It is not entirely clear from the manner in which Appellants' issues are framed whether they are raising an issue regarding the letter. In any event, the trial court excluded the letter pursuant to the dead man's statute. Thus, as to their argument that the trial court should not have admitted the letter, they already prevailed in the trial court. Notwithstanding their statement of the issues, the body of Appellants' brief argument provides, essentially, that the trial court's ruling is not supported by any admissible evidence. Appellants claim, without elaboration, that Ms. Henry's discovery responses are sufficient to overcome the presumption that the funds were a loan and not a gift. However, the only interrogatory response admitted into evidence in support of Appellants' position states simply:

> 2. Has any of the $30,000 paid by [Appellee] to [Decedent] been repaid? If yes, please provide documentation of payments.
>
> RESPONSE: You don't repay a gift.

The trial court correctly concluded that Appellants are not entitled to relief based on the foregoing. As the trial court noted, "the law presumes the delivery of a check is a loan and not a gift . . ." *Gillia*, 1995 WL 702790, at *2. Further, "[t]his presumption caused the weight of the evidence to shift to the appellant[s]." *Id.* (citing *Macon County v. Dixon*, 100 S.W.2d 5, 9 (Tenn. Ct. App. 1936); *Shockley v. Morristown Produce & Ice Co.*, 11 S.W.2d 900, 904 (Tenn. 1928)). As such, Appellants

> had the burden of proving the essentials of an *inter vivos* gift, which are (1) an intention of the donor to give and (2) delivery of the subject of the gift. The burden is upon the donee to clearly prove both of these elements and any doubts should be resolved against the finding of a gift.

*Id.* (citing *Atchley v. Rimmer*, 148 Tenn. 303, 255 S.W. 366 (1923)). Appellants have not satisfied their burden. As addressed above, the transcript from the first day of trial is missing entirely from the record, and we are thus unable to discern how Appellants might have met their burden. The bulk of the second hearing was spent dealing with the letter's admissibility as opposed to Appellants putting on proof that would support the finding of an *inter vivos* gift. Again, Appellants have failed to provide us with a record that sufficiently lends credence to their claim. Ms. Henry's discovery responses, without more, do not establish an *inter vivos* gift, nor do Appellants cite any case law in their brief supporting that argument.[1] Under these circumstances, the trial court did not err in

---

[1] Where a party makes no argument or cites no authority in support of his issues, or "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

concluding that the burden of proof shifted to Appellants and that they failed to meet that burden.

Accordingly, the trial court did not err in granting Appellee's verified claim against Decedent's estate. We affirm.

## CONCLUSION

The judgment of the Probate and Family Court of Cumberland County is affirmed, and this case is remanded for proceedings consistent with this opinion. Costs on appeal are assessed to the appellants, Jill Henry and Estate of Timothy R. Curtis, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE