IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 16, 2022 Session

**JEFFREY LEE SELF v. JENNIFER DAWN SELF**

**Appeal from the Chancery Court for Bradley County**
**No. 2019-CV-161        Jerri S. Bryant,  Chancellor**

_____

**No. E2021-01130-COA-R3-CV**

_____

In this divorce action the husband raises multiple issues on appeal concerning, *inter alia*, the factual accuracy of the trial court's judgment; the trial court's grant of divorce to the wife on the ground of inappropriate marital conduct; the trial court's equitable distribution of the marital property, including the trial court's one-time award to the wife of $50,000 as part of the distribution; the trial court's findings concerning the husband's income, expenses, and ability to work; and the trial court's award to the wife of $3,000 in attorney's fees as alimony *in solido*.  The husband has not directly raised an issue regarding the trial court's award to the wife of $850 monthly as alimony *in futuro*.  We determine that with the exception of one issue related to the trial court's miscalculation of the marriage's duration, which we deem to have been harmless error, the husband has waived all issues by failing to comply with Tennessee Rule of Appellate Procedure 24(b)-(c) and Tennessee Court of Appeals Rule 7.  We accordingly affirm the trial court's judgment.  Deeming this to be a frivolous appeal, we grant the wife's request for reasonable attorney's fees on appeal and post-judgment interest on the trial court's alimony awards.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Kent T. Jones, Cleveland, Tennessee, for the appellant, Jeffrey Lee Self.

Amy D. Campbell, Cleveland, Tennessee, for the appellee, Jennifer Dawn Self.

## OPINION

### I. Factual and Procedural Background

The plaintiff, Jeffery Lee Self ("Husband"), filed a complaint for divorce against the defendant, Jennifer Dawn Self ("Wife"), on April 24, 2019. Although the trial court found in its September 2021 final order that the parties had been married for eighteen years, it is undisputed that the parties were married in October 2006, approximately fifteen years before entry of the final order. No children were born of the marriage. Wife had two children from a prior relationship who were adults by the time of the instant divorce proceedings. In his complaint, Husband averred that the parties had been separated since September 2017. He alleged "grounds of inappropriate marital conduct or, in the alternative, irreconcilable differences." *See* Tenn. Code Ann. § 36-4-101(11), (14) (2021). As to inappropriate marital conduct, Husband alleged that Wife collected disability but did not contribute "to the general household or expenses" and that she allowed her adult children to live in the marital residence without making any contribution to household expenses.

Attaching a proposed marital dissolution agreement to his complaint, Husband proposed that he would file a quitclaim deed transferring his interest in the marital residence, located on Davis Curbow Road in Old Fort, Tennessee ("the Marital Residence"), to Wife while she would assume all debt related to the Marital Residence. He also proposed that Wife would keep a 1976 Evinrude boat and a 1966 Chevrolet C-10, which he averred were left at the Marital Residence, while he would keep a blue 1982 Chevrolet truck. Husband anticipated in his proposed agreement that the parties would agree upon the division of all personal property and did not specify further.

Wife filed an answer to the complaint and a counter-complaint for divorce on June 5, 2019. Denying the substantive allegations against her, Wife alleged grounds against Husband of irreconcilable differences or, alternatively, inappropriate marital conduct or "such indignities to [Wife's] person as to render [Wife's] position intolerable" pursuant to Tennessee Code Annotated § 36-4-101(12) (2021). Wife averred that the parties owned "various assets, including but not limited to, real property, various items of personal property, vehicles, accounts . . . ." She requested that in the absence of an agreement, the trial court would equitably divide the marital estate and award to her alimony "in whatever form and for whatever duration" deemed appropriate, as well as attorney's fees.

Wife concomitantly filed a "Motion for Exclusive Use of the Home, Allocation of Marital Debts, Temporary Alimony, to Set Mediation and to Set Trial." In this motion, she averred, *inter alia*, that she was disabled due to the aftermath of esophageal cancer,

which caused her to need "a feeding tube to supplement her nutrition and a variety of medications every month." Wife acknowledged that most of her medical needs were covered through TennCare but stated that some medical expenses arose each month that were not necessarily covered. Wife also acknowledged limited financial assistance from her father and her adult son. She attached an affidavit of income and expenses, reflecting monthly disability income in the amount of $771 and monthly expenses between $1,049 and $1,199. Wife requested that the trial court enter an order directing Husband to pay the mortgage payment on the Marital Residence. In seeking exclusive use of the Marital Residence, Wife alleged that the parties' September 2017 separation had been prompted by Husband's "sending sexually inappropriate messages" to Wife's daughter, who was eighteen years of age at the time.

Husband filed an answer to the counter-complaint on June 17, 2019, denying Wife's allegations as to grounds other than irreconcilable differences. He requested that the trial court dismiss Wife's counter-complaint and adopt and incorporate his proposed marital dissolution agreement into a divorce decree. Husband did not present an affidavit of income and expenses to the trial court at any time during the pendency of the divorce. At trial, Husband presented a form 1040 federal income tax return for 2020, reflecting that he had earned gross wages in the amount of $40,913 and stating his occupation as an "Automotive Technician."

In a report filed on November 12, 2019, a mediator indicated that the parties had participated in mediation but had not reached any agreement. In response to Wife's discovery requests, Husband filed a motion for a protective order on April 15, 2020, pursuant to Tennessee Rule of Civil Procedure 26.03, averring that several of Wife's requests related to his contact with other women subsequent to the separation and to his communication with any unrelated man or woman were overly burdensome and intrusive. On the next day, Husband filed a motion to compel Wife to answer his interrogatories and produce requested documents, along with a motion to deem requests for admissions admitted, averring that Wife had not responded to discovery requests promulgated in February 2020.

In an agreed order entered on July 8, 2020, the trial court directed Wife to respond to discovery requests within ten days and to pay Husband's counsel $300 in attorney's fees incurred in filing the motions to compel. Wife subsequently filed a motion for an extension of time in which to respond, and Husband then filed a motion for sanctions, pursuant to Tennessee Rule of Civil Procedure 37, and a motion to quash Wife's extension request. Husband also requested, *inter alia*, a default judgment and attorney's fees. Following a hearing on all pending motions, the trial court entered an "Order Compelling Discovery and Sanction" on October 6, 2020, compelling Wife to answer discovery requests within seven days and to pay a total of $800, inclusive of the $300

previously ordered, to Husband's counsel for attorney's fees incurred in pursuing discovery. Husband subsequently filed a motion for sanctions on February 16, 2021, averring that although Wife had responded to discovery requests, she had not answered all interrogatories or produced all requested documents. Husband again requested a default judgment and attorney's fees.

The trial court conducted a bench trial over the span of two days on February 23, 2021, and August 16, 2021. In addition to the parties' respective testimonies, the trial court heard testimony from Chad Chism, who testified on behalf of Wife concerning various items of the parties' property. However, no transcript or statement of the evidence is in the record on appeal.

The trial court entered a final order on September 1, 2021, dismissing Husband's complaint upon finding that he had "alleged no grounds for divorce other than irreconcilable differences" and that "he did not prove any grounds for divorce." The court granted a divorce to Wife on the ground of inappropriate marital conduct. Although the court found that Husband had "gotten and disposed of most of the parties' assets," the court did not in its order expressly explain what constituted Husband's inappropriate conduct.

The trial court distributed the marital estate, "refer[ring] to the Master Asset List which was entered into evidence as Exhibit 1 and the completeness and accuracy of which was sworn to by both parties under oath." The master asset list, a copy of which was attached to the final order, included Wife's valuations of various items of property but reflected only limited valuations from Husband. On the master asset list, Husband stipulated to Wife's valuation of the Marital Residence, and although he offered values for some items, he stated, "Do not have," by many other items. The court found Mr. Chism and Wife to be credible in their respective testimonies concerning "the existence of certain items of property that Husband simply said 'did not exist.'" The court also found that no proof had been offered regarding some items on the master asset list and therefore made no award of those items; among these were the Evinrude boat and the 1966 Chevrolet truck mentioned by Husband in his proposed marital dissolution agreement, two "project trucks," a second set of tools, a Muzzle Loader Nikon scope, and miscellaneous power tools.

As to separate property, the trial court found that the master bedroom furniture and Wife's personal clothing, accessories, and jewelry were Wife's separate property. The court likewise found that Husband's personal clothing and accessories were his separate property. The court specifically found that the value of the separate property was undisputed.

- 4 -

The trial court awarded to Wife the Marital Residence, adopting the parties' stipulated value in the amount of $64,000. The court also divided specific items on the master asset list between the parties, awarding some items to Husband at the valuations proffered by Wife despite Husband's statements that he did not have the items. After dividing the individual assets between the parties, the trial court concluded that "based upon the division of assets listed above and in taking account for the debt related to the assets, the Wife is receiving $54,850.00 . . . worth of property, and Husband is receiving over $200,000.00 . . . worth of property." The trial court then ordered Husband to pay $50,000 to Wife as part of the equitable division of the marital estate.

Making further findings of fact related to alimony, the trial court awarded to Wife $850 as monthly alimony *in futuro* and $3,000 in attorney's fees as alimony *in solido*. The court specifically found that Wife was "economically disadvantaged because of the divorce" and was "unable to work" due to her health. Although Husband had not provided an income and expense statement, the court determined that "based upon the proof offered," Husband had "the ability to make $40,000.00" per year. In awarding alimony, the court also emphasized its finding that Husband had "gotten and disposed of most of the parties' assets," and the court expressly considered fault as a factor favoring Wife. Husband timely appealed.

## II. Issues Presented

On appeal, Husband presents nineteen issues, which we have consolidated and restated as follows:

1. Whether the trial court erred by finding as a ground for divorce that Husband had committed inappropriate marital conduct.

2. Whether the trial court erred by declining to find that Wife was guilty of inappropriate marital conduct based on her alleged relationship with a paramour.

3. Whether the trial court's final order was factually correct and supported by the evidence.

   A. Whether the trial court erred in finding Mr. Chism to be a credible witness, particularly concerning his testimony that Husband was in Burgess Falls State Park in a 1965 truck.

B.     Whether the trial court erred by not making a finding that it had been four years since the parties had lived as a married couple.

C.     Whether the trial court erred in finding that the parties had been married for eighteen years.

D.     Whether the trial court erred in finding that Husband owned (1) hunting bows, (2) a crossbow, (3) an eighteen-foot pontoon boat with trailer, (4) a 1988 Chevrolet truck, (5) a 1999 Dodge Ram truck, (6) a 1978/1979 Chevrolet step-side truck, (7) a 2008 Chevrolet Avalanche, and (8) work tools valued at $30,000 to $50,000.

E.     Whether the trial court erred in finding that Husband had taken the parties' deep freezer or aquarium or broken the parties' aquarium.

F.     Whether the trial court erred in declining to find that Wife had falsely testified that an Evinrude boat had "existed."

G.     Whether the trial court erred in finding that Husband had purchased or stolen a four-wheeler.

4.     Whether the trial court erred in its valuation of the parties' lawnmower, weed eaters, chainsaws, and log splitter.

5.     Whether the trial court failed to explain the basis for the $50,000 it directed Husband to pay to Wife as part of the distribution of the marital estate and the $3,000 the court directed Husband to pay to Wife for attorney's fees.

6.     Whether the trial court erred by finding that Husband was capable of earning $40,000 annually, was not precluded from working due to issues with his back, and thereby had the ability to pay alimony.

7.     Whether the trial court erred in finding that Husband had not accurately provided the court with his income and expenses.

Wife has raised three additional issues, which we have reordered and restated slightly as follows:

8. Whether Husband's issues should be "denied" because in the absence of a trial transcript, he failed to file a statement of the evidence, pursuant to Tennessee Rule of Appellate Procedure 24(c), necessitating a presumption that the trial court's final order was supported by the evidence.

9. Whether Husband has waived his issues on appeal by failing to comply with Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Appeals Rules 6 and 7.

10. Whether Husband's appeal is frivolous such that Wife should be awarded interest on the trial court's alimony award plus costs and reasonable attorney's fees on appeal pursuant to Tennessee Code Annotated § 27-1-122.

## III. Standard of Review

In a case involving the proper classification and distribution of assets incident to a divorce, our Supreme Court has explained the applicable standard of appellate review as follows:

This Court gives great weight to the decisions of the trial court in dividing marital assets and "we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures." *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996). As such, when dealing with the trial court's findings of fact, we review the record de novo with a presumption of correctness, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Because trial courts are in a far better position than this Court to observe the demeanor of the witnesses, the weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court. *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). Consequently, where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings. *In re M.L.P.*, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn. 1999)). The trial court's conclusions of law,

however, are accorded no presumption of correctness. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744-45 (Tenn. 2002).

*Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007). *See Manis v. Manis*, 49 S.W.3d 295, 306 (Tenn. Ct. App. 2001) (holding that appellate courts reviewing a distribution of marital property "ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence.").

Regarding spousal support, our Supreme Court has "repeatedly . . . observ[ed] that trial courts have broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of the award." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). The High Court has further explained:

> [A] trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors. *Kinard v. Kinard*, 986 S.W.2d 220, 235 (Tenn. Ct. App. 1998); *see also Burlew* [*v. Burlew*], 40 S.W.3d [465,] 470 [(Tenn. 2004)]; *Robertson v. Robertson*, 76 S.W.3d 337, 340-41 (Tenn. 2002). As a result, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision." *Kinard*, 986 S.W.2d at 234. Rather, "[t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006). Appellate courts decline to second-guess a trial court's decision absent an abuse of discretion. *Robertson*, 76 S.W.3d at 343. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010). This standard does not permit an appellate court to substitute its judgment for that of the trial court, but "'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'" *Henderson*, 318 S.W.3d at 335 (quoting *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most

favorable to the decision. *Wright*, 337 S.W.3d at 176; *Henderson*, 318 S.W.3d at 335.

*Id.* at 105-06 (footnotes omitted).

As to our review of the trial court's decision concerning attorney's fees in a divorce action, this Court has stated:

> Our review of an award of attorney's fees is guided by the principle that "'the allowance of attorney's fees is largely in the discretion of the trial court, and the appellate court will not interfere except upon a clear showing of abuse of that discretion.'" *Mimms v. Mimms*, 234 S.W.3d 634, 641 (Tenn. Ct. App. 2007) (quoting *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005)). "Reversal of the trial court's decision [regarding] attorney fees at the trial level should occur 'only when the trial court applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.'" *Church v. Church*, 346 S.W.3d 474, 487 (Tenn. Ct. App. 2010).

*Hernandez v. Hernandez*, No. E2012-02056-COA-R3-CV, 2013 WL 5436752, at *8 (Tenn. Ct. App. Sept. 27, 2013).

### IV. Sufficiency of Record and Husband's Brief

As a threshold matter, we address Wife's issues concerning what she posits is Husband's lack of compliance with Tennessee Rules of Appellate Procedure 24(c) and 27(a) and Tennessee Court of Appeals Rules 6 and 7. Wife contends that Husband's issues on appeal should be "denied" because in the absence of a trial transcript, he failed to file a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). Wife further contends that Husband's issues related to the trial court's marital property distribution should be deemed waived because he submitted a copy of the master asset list, which was presented as a stipulated exhibit at trial and attached to the trial court's final order, in place of the table required by Tennessee Court of Appeals Rule 7. Wife also asserts that Husband has waived his issues on appeal by presenting insufficient argument and citations to authority as required by Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Appeals Rule 6. Upon thorough review of the record presented to us, we conclude that Husband has waived his issues on appeal by failing to provide this Court with a sufficient trial record, pursuant to Tennessee Rule of Appellate Procedure 24(b)-(c), to facilitate review of his issues, as well as by failing to present a complete table of property and debts considered by the trial

court, pursuant to Tennessee Court of Appeals Rule 7, to facilitate review of his issues related to property distribution.

Acting through appellate counsel separate from his trial counsel, Husband filed his notice of appeal and subsequently filed a notice that no transcript was available to be filed. He did not file a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). The record on appeal consists solely of a volume of technical record and three exhibits, namely the master asset list, Wife's affidavit of income and expenses, and Husband's 2020 federal income tax return.[1]

Tennessee Rule of Appellate Procedure 24(b) provides in relevant part that it is the appellant's duty to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Furthermore, Tennessee Rule of Appellate Procedure 24(c) states that where a transcript is not available or affordable, "the appellant shall prepare a statement of the evidence," which "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." In this matter, Husband has not provided this Court with a trial transcript or a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24.

It is well settled that in cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court. *See Fayne v. Vincent*, 301 S.W.3d 162, 169-70 (Tenn. 2009) ("[W]hen an issue of sufficiency of the evidence is raised on appeal, we must presume, in the absence of a record of the proceedings, that the transcript or statement of the evidence, had it been included in the record, would have contained sufficient evidence to support the trial court's factual conclusions."); *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007) (explaining that in the absence of a transcript or statement of the evidence, the appellate court had to presume that the evidence supported the trial court's findings and ultimate conclusion that there was a failure of proof); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) ("This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings."). Furthermore,

---

[1] Husband claims that the trial court failed to consider a Facebook post, purportedly showing Wife with her boyfriend's arm around her, that Husband had attached to his "Response to Wife's Motion for Spousal Support." He has included the Facebook post as "Exhibit 1" to his appellate brief. However, no pleading with the exact title of "Response to Wife's Motion for Spousal Support" is in the record, and the Facebook post is not in the record at all. Because the post is not part of the record on appeal, we may not consider it. *See, e.g.*, *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 712 (Tenn. 2005) ("This attachment [to an appellate brief] . . . does not serve to supplement the record on appeal.").

this Court has held that "the burden is . . . on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence . . . ." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (noting the "conclusive presumption that there was sufficient evidence before the trial court to support its judgment" if no transcript or statement of the evidence is submitted).

Husband's issues raised on appeal involve the factual accuracy of the trial court's judgment, including credibility determinations, and the court's factual findings regarding the statutory grounds for divorce; the valuation, existence, and disbursement of specific items of marital property; and Husband's income, expenses, and ability to maintain employment. Husband's issues also involve the trial court's ultimate distribution of marital property based on these factual findings, including the court's order that Husband make a one-time $50,000 payment to Wife as part of an equitable distribution of marital property and the court's award to Wife of $3,000 for attorney's fees as alimony *in solido*. Husband cites various evidentiary rules and urges this Court to determine that the trial court failed to make sufficient findings of fact and conclusions of law pursuant to Tennessee Rule of Civil Procedure 52.01. *See* Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."). At the outset, we note that upon careful review of the trial court's final judgment, we determine that the court made sufficient findings of fact and conclusions of law in compliance with Rule 52.01.

With one exception, all of Husband's issues require that this Court review the evidence presented at trial, which in this case necessitates review of a transcript or statement of the evidence. The exception is Husband's challenge to the factual accuracy of the trial court's order based on the court's finding that the parties had been married for eighteen years at the time of the final judgment. The October 2006 date of the marriage was included in Husband's complaint and is undisputed. Accordingly, the parties had been married for nearly fifteen years at the time of the September 2021 final judgment. The trial court appears to have miscalculated by adding approximately three years to the total duration of the marriage up to the time of the divorce decree. We note that "the duration of a marriage may be measured by 'the actual dates of marriage,' wedding date to divorce decree, or by the period of time from marriage to separation." *Stearns-Smith v. Smith*, No. M2017-01902-COA-R3-CV, 2019 WL 3453360, at *5 (Tenn. Ct. App. July 31, 2019) (quoting *Montgomery v. Silberman*, No. M2009-00853-COA-R3-CV, 2009 WL 4113669, at *3-4 (Tenn. Ct. App. Nov. 24, 2009)). Therefore, although the trial court undisputedly erred in adding three years to the duration of the marriage, the court did act within its discretion when it measured the duration up to the time of the divorce decree rather than the parties' separation as Husband urges.

Husband cites this miscalculation in support of a heading in his appellate brief entitled, "There Was No Evidence That Appellant Had a Relationship With Another Woman Until After the Husband and Wife Were Separated." He then states, with no citation to the record, that Husband testified "that he did not have a relationship with another woman until after [the parties] were separated." It is unclear, however, what finding made by the trial court, other than the duration of the marriage, Husband is challenging here. In a subsequent argument section, Husband again asserts that "there was no testimony or evidence on the part of [Wife] or her witness, Chad Chism, that [Husband] committed adultery when the couple was not separated." Other than in an issue statement, Husband does not make a connection between this argument and the ground for divorce found by the trial court of inappropriate marital conduct. Moreover, the trial court made no finding in its final order regarding any extramarital relationship. The statutory ground for divorce of adultery, *see* Tenn. Code Ann. § 36-4-101(3) (2021), was not alleged by Wife or found by the court.

The trial court did consider what it found to be Husband's fault in the dissolution of the marriage as one factor in the court's decision to award spousal support to Wife. *See* Tenn. Code Ann. § 36-5-121(i)(11) (2021).[2] Immediately preceding its finding that

---

[2] The version of Tennessee Code Annotated § 36-5-121(i) (2021) in effect at the time of the complaint's filing (prior to March 2022) provided the following statutory factors to be considered when determining whether spousal support should be awarded:

(1)     The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2)     The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3)     The duration of the marriage;

(4)     The age and mental condition of each party;

(5)     The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6)     The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7)     The separate assets of each party, both real and personal, tangible and intangible;

(8)     The provisions made with regard to the marital property, as defined in § 36-4-121;

(9)     The standard of living of the parties established during the marriage;

(10)    The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

Husband's fault was a factor, the court stated that Husband had "gotten and disposed of most of the parties' assets" but did not reference any finding of adultery. We note that the sole alimony award raised as an issue by Husband is the $3,000 in alimony *in solido* granted to Wife as attorney's fees. Although Husband has challenged the trial court's factual finding that he had the ability to earn $40,000 per year, Husband has not specifically raised an issue regarding the $850 in monthly alimony *in futuro* awarded to Wife. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."). The duration of the marriage is one factor to be considered in a spousal support analysis. *See* Tenn. Code Ann. § 36-5-121(i)(3) (2021). However, we find the difference between fifteen years and eighteen years as the duration of the marriage to be nominal in this case. Given that the trial court made no finding regarding adultery and given the nominal difference between a fifteen-year versus eighteen-year duration, we determine the trial court's error in stating the duration of the marriage to have been harmless.

As noted above, review of all other issues raised by Husband would require this Court to review a transcript or statement of the evidence. Ergo, in the absence of a transcript or statement of the evidence, this Court must presume that the evidence supported the trial court's findings. *See Fayne*, 301 S.W.3d at 169-70. Additionally, Husband has failed to include in his appellate brief a table meeting the requirements of Tennessee Court of Appeals Rule 7, which provides in pertinent part:

(a)     In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b)     Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

---

(11)    The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12)    Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

(c)     If counsel disagrees with any entry in the opposing counsel's table, counsel must include in his or her brief, or in a reply brief if the issue was raised by opposing counsel after counsel filed his or her initial brief, a similar table containing counsel's version of the facts.

As this Court has explained:

> [I]t is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7, allows this Court to easily and correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table, allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as well as the evidence in the record which the party believes supports its contention. Consequently, a table, in full compliance with Rule 7, is vital as this Court must consider the *entire* distribution of property in order to determine whether the trial court erred. Moreover, this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or that the distribution may be improper.

*Kanski v. Kanski*, No. M2017-01913-COA-R3-CV, 2018 WL 5435402, at *6 (Tenn. Ct. App. Oct. 29, 2018) (quoting *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010)) (internal citations in *Harden* omitted in *Kanski*).

In the instant action, after Husband filed his principal brief, Wife filed a motion to dismiss the appeal because Husband had failed to include a Rule 7 table. In an order entered on May 3, 2022, this Court denied Wife's motion to dismiss "without prejudice to [Wife's] ability to raise any and all issues and arguments raised in the motion in her brief on appeal." Husband then filed an amended principal brief with a motion requesting that this Court accept the amended brief, which this Court did in an order entered on May 10, 2022. In the amended brief, Husband has attached a copy of the master asset list that was presented at trial as an exhibit and attached to the trial court's final order. In her responsive brief, Wife has raised her issues concerning the deficiency of Husband's brief and argued, *inter alia*, that Husband's attachment of the master asset list to his brief does not constitute a proper Rule 7 table. Husband did not file a reply brief.

The master asset list does not meet all of the requirements of a Rule 7 table, an example format of which is included in the rule. The master asset list contains only limited valuations offered by Husband and does not contain the trial court's valuations or

- 14 -

any information concerning the parties' debts. In a similar situation in which the appellant husband attempted to comply with Rule 7 by attaching "a reproduction of the trial court's division of property, and the amended joint statement of assets and liabilities filed by the parties," this Court held that "[i]n order to comply with Rule 7, a party must do more than simply reproduce the findings of the trial court." *Sullivan v. Sullivan*, No. M2018-01776-COA-R3-CV, 2019 WL 4899760, at \*14 (Tenn. Ct. App. Oct. 4, 2019). As the *Sullivan* Court elucidated:

> [O]ur role is to analyze whether the overall division of the marital estate was equitable. In order for us to properly complete this role, it is unequivocally essential for a litigant to include proper citations to the record for all proposed values of the marital estate.

*Id.* at \*15.

As with the husband in *Sullivan*, Husband in this case has "failed to include citations to the record wherein evidence was presented regarding the classifications, valuations, and division of the property." *Id.* Although this Court may "suspend the requirements of Rule 7 for 'good cause,'" *Kanski*, 2018 WL 5435402, at \*6 (quoting *Hopwood v. Hopwood*, No. M2015-01010-COA-R3-CV, 2016 WL 3537467, at \*7 (Tenn. Ct. App. June 23, 2016)) (in turn quoting Tenn. R. Ct. App. 1(b)), we discern no good cause for such a suspension in this case. *See, e.g.*, *Kanski*, 2018 WL 5435402 at \*6 (finding "no such cause under the facts of this case" to suspend Rule 7 requirements).

Furthermore, Husband argues on appeal against many of the valuations contained in the master asset list, "the completeness and accuracy of which was sworn to by both parties under oath," according to the trial court. The record contains no indication that Husband raised any objection to the master asset list's presentation as a stipulated exhibit. When questioned during oral argument regarding how this Court would be able to determine if any objection were made at trial to the master asset list, Husband's appellate counsel acknowledged that "[t]here's no way." *See Emory v. Memphis City Sch. Bd. of Educ.*, 514 S.W.3d 129, 146 (Tenn. 2017) ("[E]ven in cases where error might exist, a litigant will not be permitted to raise questions and issues on appeal that have not first been presented to the trial court." (quoting *In re Billing & Collection Tariffs of S. Cent. Bell*, 779 S.W.2d 375, 380 (Tenn. Ct. App. 1989)). In the absence of a transcript or statement of the evidence, we must presume that the trial court properly accepted the master asset list as a stipulated exhibit. *See, e.g.*, *Kramer v. Kramer*, No. E2018-00736-COA-R3-CV, 2019 WL 1239867, at \*4 (Tenn. Ct. App. Mar. 18, 2019) ("Inasmuch as we have no proper transcript or statement of the evidence, we must presume that there was sufficient evidence to support the trial court's factual findings.").

We conclude that with the exception of his issue concerning the factual accuracy of the trial court's finding regarding the duration of the marriage, Husband has waived all of his issues on appeal through failure to comply with Tennessee Rule of Appellate Procedure 24(b)-(c) and, specifically as to issues of property distribution, his failure to comply with Tennessee Court of Appeals Rule 7. We further conclude that the trial court's three-year miscalculation of the duration of the parties' marriage constituted harmless error.[3]

## V. Damages for Frivolous Appeal

As the sole remaining issue, Wife contends that Husband's appeal is frivolous such that she should be awarded interest on the trial court's alimony award plus costs and reasonable attorney's fees on appeal pursuant to Tennessee Code Annotated § 27-1-122 (2017), which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

As this Court has previously explained regarding frivolous appeals:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the

---

[3] Wife has also argued that Husband failed to comply with Tennessee Rule of Appellate Procedure 27(a)(7) and Tennessee Court of Appeals Rule 6 by including insufficient citations to the record and to authorities. Rule 27(a) provides the components that must be included in an appellant's brief, and subsection (a)(7)(A) specifically requires that the brief must include:

> An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on . . . .

Rule 6(a) of this Court's rules contains a similar requirement. Having determined that Husband has waived his issues pursuant to Tennessee Rule of Appellate Procedure 24(b)-(c) and Tennessee Court of Appeals Rule 7, we further determine that Wife's argument concerning insufficient citations is pretermitted as moot.

purpose of delay. Determining whether to award these damages is a discretionary decision.

A frivolous appeal is one that is devoid of merit or one that has no reasonable chance of succeeding.

*Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted).

In this case, Husband has waived nearly all of his issues by failing to present this Court with a record sufficient for review and has failed to present a proper Rule 7 table despite having been granted the opportunity to file an amended brief after Wife pointed out the omission in her appellate motion. In relation to the one issue upon which Husband successfully pointed out the trial court's error in calculating the duration of the marriage, Husband failed to present a cogent argument that such error could be considered prejudicial to him. We therefore agree with Wife that this appeal was frivolous. *See, e.g.*, *Robinson v. Robinson*, No. E2021-00034-COA-R3-CV, 2021 WL 3702084, at *4 (Tenn. Ct. App. Aug. 20, 2021) (deeming the appeal frivolous when the appellant relied on facts and documents not in the record and presented a brief failing to comply with the Tennessee Rules of Appellate Procedure); *Terrazzano v. Terrazano*, No. M2019-00400-COA-R3-CV, 2019 WL 6320354, at *2 (Tenn. Ct. App. Nov. 26, 2019) (deeming the appeal frivolous when the appellant "failed to present this court with a record showing that she [was] entitled to any relief whatsoever"). We grant Wife's request for an award of reasonable attorney's fees on appeal and post-judgment interest on the awards of $850 in monthly alimony *in futuro* and $3,000 in alimony *in solido*.

## VI. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. We grant Wife's request for attorney's fees on appeal and post-judgment interest on the alimony awards of $850 in monthly alimony *in futuro* and $3,000 in alimony *in solido*. We remand for determination of the amount of reasonable attorney's fees incurred by Wife on appeal, calculation of post-judgment interest on the alimony awards pursuant to Tennessee Code Annotated § 47-14-121 (2013), enforcement of the judgment, and collection of costs below. Costs on appeal are taxed to the appellant, Jeffrey Lee Self.

s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE